*Decision will be entered for the respondent.*

## FARMERS UNION COOPERATIVE EXCHANGE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100552. Promulgated November 14, 1940.

*Jess Johnson*, president of *Farmers Union Cooperative Exchange*, for the petitioner.

*James L. Backstrom, Esq.*, and *Stanley B. Anderson, Esq.*, for the respondent.

### OPINION.

LEECH: Respondent has determined deficiencies in income tax of $410.02 and $162.10 for the fiscal years ended March 31, 1937 and 1938, respectively, and a deficiency of $29.21 in excess profits tax for the first of these two years. These deficiencies arise because of respondent's decrease of the amounts deducted by petitioner in its return for each year as so-called "patronage dividends." The proceeding was submitted upon a stipulation of facts under Rule 30 of the Board's Rules of Practice.

Petitioner is a corporation, organized January 20, 1921, under the laws of the State of Oklahoma, pertaining to cooperative associations. It operates a general retail store at Stillwater, Oklahoma, dealing in groceries and farm products and selling to members and nonmembers. It also operates a service station and garage for members and nonmembers.

Petitioner claims deductions of $11,022.23 and $7,217.73 for the fiscal years ended March 31, 1937 and 1938, respectively, as patronage dividends. These amounts are the net earnings for the years in question which it determined to be available for the payment of patronage dividends.

The parties are in agreement that petitioner, though not exempt from taxation, is entitled to deduct from its gross income the amounts constituting profits upon its business done with members and returnable to them as rebates or so-called patronage dividends. *Trego County Cooperative Association*, 6 B. T. A. 1275; *Fruit Growers Supply Co.*, 21 B. T. A. 315; *Uniform Printing & Supply Co.* v. *Commissioner*, 88 Fed. (2d) 75. It is also agreed that the method to be used for determining the amount available for patronage dividends is as outlined in A. R. R. 6967, C. B. III-1, p. 287. This method is set out as follows:

First compute the apparent net income of the cooperative association. From this amount deduct the fixed dividend paid or payable on any outstanding capital stock. The amount of such fixed dividend is the portion of net income properly attributable to the investment made in the association by the holders of any outstanding capital stock.

The balance consists of (1) the amount available for refund to the members of the association and (2) the profits made from nonmembers. In the absence of evidence to the contrary, it will be assumed that the dealings with members and nonmembers are equally profitable, and, accordingly, that the amount available for refund consists of that proportion of the apparent net profits, after deducting the fixed dividend on outstanding capital stock, which the amount of business transacted with members bears to the entire amount of business transacted. Up to the amount available for refund thus computed, a distribution by a cooperative association to its members, upon the basis of the business transacted with them, will be deemed to be a true patronage dividend, deductible by the association in computing its taxable net income for Federal income and profits tax purposes.

Petitioner's net income for the fiscal year ended March 31, 1937, was $17,618.66 and for the fiscal year ended March 31, 1938, was $7,751. These amounts constitute net income before deduction of Federal taxes, penalties, and patronage dividends. For the fiscal year 1937 the percentage of sales to members represented 62.56 percent of total sales and for the fiscal year 1938 the percentage of sales to members was 92.12 percent of total sales. As there was no fixed

dividend paid or payable on outstanding capital stock, petitioner, in making its returns for the two fiscal years in question, computed its deduction for patronage dividends by applying to the net income for each year the percentage of sales to members and thus determined a deduction of $11,022.23 for the fiscal year 1937 and a deduction of $7,217.73 for the fiscal year 1938.

In determining the deficiencies here in question respondent adjusted the computations made in only one respect. In each year he reduced the net book earnings by the amount of Federal income and excess profits taxes and penalties paid, before applying the percentage rates of 62.56 and 92.12 as used by petitioner. This computation results in decreases in the deductions for the fiscal years 1937 and 1938 in the amounts of $890.39 and $884.73, respectively.

It can thus be seen that the only question presented here is whether in making the computation under the regulation set out above, net income for the year from the business transacted should be reduced by the amount of nondeductible Federal taxes and penalties.

The purpose of the computation provided by the regulation is clear. What is sought is the segregation of the earnings from business done with members. These are available for return in rebates to them and, as such, constitute a proper deduction by petitioner, leaving subject to tax only the profit accruing from nonmember business.

Keeping this purpose in mind, it is apparent that petitioner's computation in each year is in accord with the regulation. The computation made by respondent not only departs from that regulation but defeats its purpose and results in the imposition of tax upon profits on member business admittedly refundable as a rebate and admittedly subject to deduction by petitioner. If Federal taxes and penalties, which are a burden borne by the profits accruing from nonmember business, are deducted from the total net income before application of the percentage of the member business to the total business, in determining the amount of the profit from the total business returnable in rebates to members, it may be readily seen that the result of the computation is to include with the taxable profit accruing from nonmember business a portion of that derived from sales to members.

We find that the amounts as computed and deducted by petitioner in each of the taxable years represented the correct amount of the so-called patronage dividends available for payment to members.

*Decision will be entered for the petitioner.*